**THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SCOTT R. BURKE,                                ) | **No. 21 CV 3479** |
|                                               ) | |
|     **Plaintiff,**                                ) | |
|                                               ) | |
| **v.**                                         ) | |
|                                               ) | |
| **THOMAS J. DART, in his official capacity**   ) | |
| **as Cook County Sheriff, and COOK COUNTY,**  ) | |
| **a municipal corporation, as indemnitor,**   ) | |
|                                               ) | |
|     **Defendant.**                              ) | |

**COMPLAINT**

Plaintiff, Scott R. Burke ("Plaintiff"), by and through his attorney, MICHAEL T. SMITH & ASSOCIATES, in complaining of the defendants, Thomas J. Dart, in his official capacity as Cook County Sheriff ("CCS"), and Cook County, a municipal corporation ("Cook County"), collectively referred to as "Defendants"), states as follows:

**JURISDICTION AND VENUE**

1.     Plaintiff brings this action against Defendants under the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII") for CCS discriminating against Plaintiff on the basis of his disability by failing to provide reasonable accommodations for his disabilities and retaliating against his for filing requests for accommodations by forcing him to go on disability leave.

2.     Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343.

3.     Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the

employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

4.     Plaintiff filed his charge of discrimination against CCS with the Equal Employment Opportunity Commission on or around June 24, 2020 (Exhibit A).  Thereafter, Plaintiff was sent a notice of his right to sue on that charge (Exhibit B).  Thereafter, Plaintiff has timely filed this lawsuit with the United States District Court of the Northern District of Illinois.

## PARTIES

5.     Plaintiff is an adult, male individual who has been diagnosed with the recognized disabilities of multiple lumbar herniations, formal and spinal stenosis and is a resident of Schaumburg, State of Illinois.

6.     CCS is the duly appointed and sworn Sheriff of Cook County.  The Cook County Sheriff's Office is a unit of local government, organized under 55 ILCS 5/3-6001–6036.

7.     Cook County is a municipality organized under Illinois' County Code, 55 ILCS 5/1-1001 et seq., and is a necessary party to this complaint for purposes of indemnifying CCS.

8.     At all times relevant to the allegations herein, CCS was an "employer" of Plaintiff as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12111(5) and Title VII, 42 U.S.C. § 2000e(b).

9.     At all times relevant to the allegations herein, Plaintiff was an "employee" of CCS as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12111(4) and Title VII, 42 U.S.C. § 2000e(f).

## FACTUAL ALLEGATIONS

10.     Plaintiff was diagnosed with the recognized disabilities of multiple lumbar

2

herniations, formal and spinal stenosis substantially limit him in major life activities including, but not limited to, concentrating, thinking, socially interacting, and regulating emotions.

11.     Plaintiff began employment with CCS on or around June of 2004.

12.     At all times relevant to the allegations herein, Plaintiff was meeting the legitimate job performance expectations of CCS.

13.     At all times relevant to the allegations herein, CCS was aware of Plaintiff's disabilities.

14.     Since at least May 28, 2019, Plaintiff has been subjected to a hostile work environment by trying to get him to resign from his position as a deputy sheriff and doing so because of his need for an accommodation.

## COUNT I
## (ADA – DISCRIMINATION/FAILURE TO ACCOMMODATE)

15.     Plaintiff re-alleges paragraphs 1 through 14 and incorporates them as if fully set forth herein.

16.     Title I of the Americans With Disabilities Act makes it unlawful for an employer to discriminate against an employee on the basis of an employee's disability, because of a record of disability, or because the employer regards the employee as suffering from a disability.

17.     Plaintiff is a qualified individual with a disability in that he could perform the essential functions of his job with/without an accommodation.

18.     The ADA requires employers to make reasonable disability accommodations to qualified individuals with a disability that do not create an undue hardship for the employer.

19.     By its conduct as alleged herein, CCS discriminated against Plaintiff on the basis of his disability by subjecting him to a hostile work environment and failing to provide him with the requested accommodations.

20.     As a result of CCS's actions, Plaintiff has suffered aggravation of his disabilities and considerable emotional distress and anxiety.

21.     CCS's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

22.     Plaintiff demands to exercise his right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT I

**WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:**

**a.     Injunctive relief;**

**b.     Any lost wages and other economic damages;**

**c.     Compensatory damages for pain and suffering;**

**d.     Attorneys' fees and costs incurred in this action;**

**e.     Such other relief as is just and equitable.**

## COUNT II
## (ADA - RETALIATION)

23.     Plaintiff re-alleges paragraphs 1 through 22 and incorporates them as if fully set forth herein.

24.     The ADA makes it unlawful for an employer to retaliate against an employee for engaging in protected activity by protesting acts of ADA discrimination occurring in the workplace.

4

25.     By its conduct as alleged herein, CCS retaliated against Plaintiff for alleging he has been discriminated by CCS when it subjected him to the denial of an accommodation then a hostile work environment and thereby causing him to go on disability leave.

26.     As a result of CCS's actions, Plaintiff has suffered emotional distress and anxiety.

27.     CCS's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation for engaging in protected activity.

28.     Plaintiff demands to exercise his right to a jury trial of this matter.


### PRAYER FOR RELIEF AS TO COUNT II

**WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:**

a.     **Injunctive relief including requiring the accommodation so Plaintiff csn return from Disability leave;**

b.     **Any lost wages and other economic damages;**

c.     **Compensatory damages for pain and suffering;**

d.     **Attorneys' fees and costs incurred in this action;**

e.     **Such other relief as is just and equitable.**

**JOSEPH R. BURKE**
**BY:/s/ Michael T. Smith**
**Michael T. Smith**
**Trial Attorney**

**Michael T. Smith #6180407IL**
**10 Martingale Road, Suite 400**
**Schaumburg, Illinois 60173**
**(847) 466-1099**

5